UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| LaTONYA YVONNE TAYLOR ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:11-0263 |
| ] | Judge Trauger |
| STATE OF TENNESSEE, et al. ] | |
|     Respondents. ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Mark Luttrell Correctional Center in Memphis. She brings this action pursuant to 28 U.S.C. § 2254 against the State of Tennessee and Sharon Taylor, Warden of the Mark Luttrell Correctional Center, seeking a writ of habeas corpus.

**I. Background**

On September 25, 2004, a jury in Rutherford County found the petitioner guilty of first degree murder (3 counts), especially aggravated kidnapping (2 counts), and especially aggravated robbery. Docket Entry No.29-11 at pgs.29-30. For these crimes, she received a sentence of life imprisonment without the possibility of parole plus a consecutive twenty (20) year term. Docket Entry No.29-13 at pgs.35-39.

On direct appeal, the Tennessee Court of Criminal Appeals

1

affirmed the convictions. Docket Entry No.31-3. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No.31-6.

In December, 2007, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Rutherford County. Docket Entry No.33-1 at pgs.4-23. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. *Id.* at pgs.69-77. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.30-3. Once again, the Tennessee Supreme Court rejected petitioner's application for additional review. Docket Entry No.30-6.

## II. Procedural History

On March 15, 2011, the petitioner initiated the instant action with the filing of a petition (Docket Entry No.1) for federal habeas corpus relief.[1] In the petition, the petitioner alleges six claims for relief. These claims include :

1) the ineffective assistance of counsel
   a) failed to challenge the kidnapping charges on the basis of State v. Anthony, 817 S.W.2d 299 (Tenn.1991);
   b) counsel had very little interaction with the petitioner;

---

[1] The petition was stamped by the Clerk's Office as received on March 21, 2011. However, a pleading from a prisoner is deemed filed on the date that it was given to prison officials for posting. Houston v. Lack, 487 U.S. 266 (1988). In this case, the petitioner avers that she placed her petition in the prison postal system on March 15, 2011. Docket Entry No.1 at pg.18.

2

    c) "failed in preparing a sound defense or present any witnesses that would be significant that would have caused a different outcome";[2]

  2)  the petitioner was convicted of aggravated kidnapping and kidnapping in violation of her right to due process;

  3)  petitioner's statements to informants should have been suppressed; and

  4)  petitioner's out of court statements should have been suppressed.

Upon preliminary review of the petition, it appeared that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.4) was entered directing the respondents to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court is the respondents' Motion to Dismiss (Docket Entry No.35), to which the petitioner has offered no reply. Having carefully considered the petition, respondents' Motion to Dismiss and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8,

---

[2] At trial, the petitioner was represented by Paul Bruno of the Davidson County Bar and Hershell Koger of the Giles County Bar.

Rules - - § 2254 Cases.

## III. Timeliness of the Petition

The respondents raise as a ground for dismissal the untimeliness of the petition. A state prisoner has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[3] The time for seeking direct review has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000).

The petitioner was found guilty on September 25, 2004. The direct review of her convictions by the state courts was concluded on December 27, 2006, the date the Tennessee Supreme Court denied petitioner's application for discretionary review. Docket Entry No.31-6. When factoring in the time during which the petitioner could have petitioned the United States Supreme Court for a writ of certiorari, the petitioner's convictions became final on March 27, 2007. Therefore, the petitioner had one year from this date, or until March 27, 2008, in which to initiate this action.

---

[3] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

4

On December 21, 2007, after two hundred sixty nine (269) days had past, the petitioner filed a petition for state post-conviction relief.[4] Docket Entry No.33-1 at pgs.4-23. A properly filed application for state post-conviction or other collateral review has the effect of tolling the one year limitation period for as long as the collateral proceedings remain pending in the state courts. 28 U.S.C. § 2244(d)(2).

On April 1, 2010, the Tennessee Supreme Court issued a mandate rejecting the petitioner's application for further review of her post-conviction petition, Docket Entry No.30-7, thus concluding the petitioner's state post-conviction proceedings. When the state court proceedings that tolled the limitation period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew. DiCenzi v. Rose, 452 F.3d 465, 468-469 (6th Cir. 2006). Therefore, having already expended two hundred sixty nine (269) days of the limitation period, the petitioner had ninety six (96) days remaining, or until July 6, 2010, in which to initiate this action.[5]

The habeas corpus petition (Docket Entry No.1) initiating this

---

[4] The 269 days are calculated as follows : 4 days (3/28 - 3/31/07) + 30 days (4/07) + 31 days (5/07) + 30 days (6/07) + 31 days (7/07) + 31 days (8/07) + 30 days (9/07) + 31 days (10/07) + 30 days (11/07) + 21 days (12/1 - 12/21/07) = 269 days.

[5] 365 days - 269 days = 96 days. The 96 days are calculated as follows : 29 days (4/2 - 4/30/10) + 31 days (5/10) + 30 days (6/10) + 6 days (7/1 - 7/6/10) = 96 days.

5

action was filed on March 15, 2011, more than eight months after the limitation period had expired. As a consequence, this action is untimely.

### IV. Equitable Tolling of the Limitation Period

The limitation period, however, does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. Holland v. Florida, 130 S.Ct. 2549 (2010). The doctrine of equitable tolling, though, must be applied sparingly. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.2001).

The petitioner bears the burden of showing that she is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the petitioner must establish (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance has stood in her way and prevented her from filing a habeas corpus petition in a timely manner. Pace v. DiGuglielmo, 544 U.S. 408,418 (2005).

In this regard, the petitioner has offered no reason whatsoever to explain why she could not have initiated this action in a timely manner. When asked in the petition to address the issue of timeliness, she simply typed "N/A". Docket Entry No.1 at pg.17. Thus, the petitioner has failed demonstrate the type of extraordinary circumstance needed to invoke an equitable tolling of

the limitation period.

## V. Conclusion

Having carefully reviewed the pleadings and the expanded record, the Court finds that the respondents' Motion to Dismiss (Docket Entry No.35) the petition has merit. Therefore, said motion will be granted and this action shall be dismissed as untimely. Rule 8(a), Rules - - § 2254 Cases.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge